# Exhibit A

CLERK OF THE
SUPERIOR COURT
FILED
F. FOWLER. DEP

2023 DEC 11  AM 10: 18

1  T. Scott Legal Support Services
2  Gary Steiner ID# MC 7767
   (480) 227-7297
3  Tscottlegal2007@aol.com

4  **SUPERIOR COURT OF ARIZONA**
   **MARICOPA COUNTY**
5

6  In re the matter of:                    )
7  STEPHAN SHERE,                          )   Case No: CV2023-015318
                                           )
8                                          )
9         Plaintiff(s),                    )   **CERTIFICATE OF SERVICE**
                                           )
10 v.                                      )
                                           )
11 CITY OF PHOENIX, et al.,                )
                                           )
12        Defendant(s).                    )
13  ─────────────────────────────          )

14  1.   I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15       Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on November 29, 2023,

16       I received: Summons, Complaint and a Certificate Of Compulsory Arbitration from The

17       Plaintiff(s).

18  2.   I then proceeded to successfully serve the above described documents on the Charles C

19       Allen at Phoenix Police Precinct located at 16030 N. 56th St., Scottsdale, Arizona on

20       December 7, 2023 at approximately 1:30 pm. When he came to the lobby, I verbally identified

21       and served him.

22  3.   This is considered to be personal service.

23  4.   The fee I charged for this service was $55.

24  I declare under the penalty of perjury that the foregoing is true and correct

25                                                         12 8 23

26  Gary Steiner                                           Date

27

28                                    Page 1

CLERK OF THE
SUPERIOR COURT
FILED
F. FOWLER. DEP

2023 DEC 11  AM 10: 18

1

T. Scott Legal Support Services
Gary Steiner  ID# MC 7767

2

(480) 227-7297
Tscottlegal2007@aol.com

3

4

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

5

6

In re the matter of:                          )
                                              )

7

STEPHAN SHERE,                       )          Case No: CV2023-015318
                                              )

8

                                              )

9

        Plaintiff(s),                   )          **CERTIFICATE OF SERVICE**
                                              )

10

v.                                             )
                                              )

11

CITY OF PHOENIX, et al.,             )
                                              )

12

        Defendant(s).                 )
                                              )

13

14

1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15

        Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on November 29, 2023,

16

        I received; Summons, Complaint and a Certificate Of Compulsory Arbitration from The

17

        Plaintiff(s).

18

2.      I then proceeded to successfully serve the above described documents on the Eric Elliot

19

        Summerville at Phoenix Police Precinct located at 16030 N. 56th St., Scottsdale, Arizona on

20

        December 7, 2023 at approximately 1:30 pm. When he came to the lobby, I verbally identified

21

        and served him.

22

3.      This is considered to be personal service.

23

4.      The fee I charged for this service was $25.

24

        I declare under the penalty of perjury that the foregoing is true and correct

25

26

Gary Steiner                                    10/8/23
                                               Date

27

28

Page 1

29

CLERK OF THE
SUPERIOR COURT
FILED
F. FOWLER. DEP

2023 DEC 11   AM 10: 15

T. Scott Legal Support Services
Gary Steiner  ID# MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

| | |
|---|---|
| In re the matter of: | ) |
| | ) |
| STEPHAN SHERE, | )    Case No: CV2023-015318 |
| | ) |
| Plaintiff(s), | )    **CERTIFICATE OF SERVICE** |
| | ) |
| v. | ) |
| | ) |
| CITY OF PHOENIX, et al., | ) |
| | ) |
| Defendant(s). | ) |

1.    I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on November 29, 2023, I received; Summons, Complaint and a Certificate Of Compulsory Arbitration from The Plaintiff(s).

2.    I then proceeded to successfully serve the above described documents on the Daniel Joseph Snyder at Phoenix Police Precinct located at 16030 n 56th St., Scottsdale, Arizona on December 7, 2023 at approximately 1:40 pm. When he came to the lobby, I verbally identified and served him.

3.    This is considered to be personal service.

4.    The fee I charged for this service was $25.

I declare under the penalty of perjury that the foregoing is true and correct

Gary Steiner                                              12/8/23
Gary Steiner                                              Date

Page 1

CLERK OF THE
SUPERIOR COURT
FILED
A. VOGELPOHL.DEP

2023 NOV 30 PM 3: 36

1  T. Scott Legal Support Services
2  Gary Steiner  ID# MC 7767
   (480) 227-7297
3  Tscottlegal2007@aol.com

4              **SUPERIOR COURT OF ARIZONA**
5                  **MARICOPA COUNTY**

6  In re the matter of:                    )
                                           )
7  STEPHAN SHERE,                          )       Case No: CV2023-015318
                                           )
8                                          )
                                           )
9          Plaintiff(s),                   )       **CERTIFICATE OF SERVICE**
                                           )
10 v.                                      )
                                           )
11 CITY OF PHOENIX, et al.,                )
                                           )
12         Defendant(s).                   )
                                           )
13 _____)

14   1.     I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to

15          Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on November 29, 2023,

16          I received: Summons, Complaint and a Certificate Of Compulsory Arbitration from The

17          Plaintiff(s).

18   2.     I then proceeded to successfully serve the above described documents on the Michael

19          Sullivan, Chief of the Phoenix Police Department, at 200 W. Washington, 15th Fl., Phoenix,

20          Arizona on November 29, 2023 at approximately 11:20 am. I verified Francis Dent, Special

21          Deputy Clerk, could accept service and served her.

22   3.     This is considered to be personal service.

23   4.     The fee I charged for this service was $25.

24          I declare under the penalty of perjury that the foregoing is true and correct

25

26   Gary Steiner                                    Date

27

28                                Page 1

CLERK OF THE
SUPERIOR COURT
FILED
A. VOGELPOHL,DEP

2023 NOV 30  PM 3:36

T. Scott Legal Support Services
Gary Steiner  ID# MC 7767
(480) 227-7297
Tscottlegal2007@aol.com

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

In re the matter of:       )
                        )

STEPHAN SHERE,        )      Case No: CV2023-015318
                        )

     Plaintiff(s),      )      **CERTIFICATE OF SERVICE**
                        )

v.                         )
                        )

CITY OF PHOENIX, et al.,    )
                        )

     Defendant(s).     )
_____)

1.      I, Gary Steiner, swear that I am currently registered as a Private Process Server pursuant to Rule 4(c) of the Arizona Rules of Civil Procedure. I further swear that on November 29, 2023, I received; Summons, Complaint and a Certificate Of Compulsory Arbitration from The Plaintiff(s).

2.      I then proceeded to successfully serve the above described documents on the City Of Phoenix at 200 W. Washington, 15th Fl., Phoenix, Arizona on November 29, 2023 at approximately 11:20 am. I verified Francis Dent, Special Deputy Clerk, could accept service and served her.

3.      This is considered to be personal service.

4.      The fee I charged for this service was $85.

I declare under the penalty of perjury that the foregoing is true and correct

_____          11/30/23
Gary Steiner                          Date

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692104

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Amanda Newsum

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692103

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Jennifer Lorrain Beberniss

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692102

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| Stephan Shere | |
|---|---|
| Plaintiff(s), | Case No. **CV2023-015318** |
| v. | |
| City of Phoenix, et al. | **SUMMONS** |
| Defendant(s). | |

To: Charles C. Allen

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692101

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480) 999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Jacob A. Lewis

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8259207

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692100

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Brittany Bartimoccia

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692099

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Eric Elliot Summerville

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692098

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Christopher A. Gitsch

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #8239207

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #8259207

.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692097

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Alex Beaver

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
Answer in writing with the Court, and you must pay the required filing fee. To file your
Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson,
Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents
in this case.

3. If this Summons and the other court papers were served on you within the State of
Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
date of service, not counting the day of service. If this Summons and the other court papers
were served on you outside the State of Arizona, your Answer must be filed within
THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692096

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Daniel Joseph Snyder

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of The Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692095

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: Michael Sullivan

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692094

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**SUMMONS**

To: City of Phoenix

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 03, 2023*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARQUEZ*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692093

Person/Attorney Filing: Sean A. Woods
Mailing Address: 5055 N. 12th St. Suite 101
City, State, Zip Code: Phoenix, AZ 85014
Phone Number: (480)999-4556
E-Mail Address: swoods@millsandwoods.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028930, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Stephan Shere
Plaintiff(s),
v.
City of Phoenix, et al.
Defendant(s).

Case No. **CV2023-015318**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Sean A. Woods /s/
Plaintiff/Attorney for Plaintiff

AZturboCourt.gov Form Set #8298207

Clerk of the Superior Court
*** Electronically Filed ***
A. Marquez, Deputy
10/3/2023 3:13:37 PM
Filing ID 16692091

1  Sean A. Woods (Arizona Bar #028930)
Robert T. Mills (Arizona Bar #018853)
2  **MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
3  Phoenix, Arizona 85014
Telephone 480.999.5169
4  docket@millsandwoods.com
swoods@millsandwoods.com
5
*Attorneys for Plaintiffs*
6

7                    **IN THE MARICOPA COUNTY SUPERIOR COURT**

8  STEPHAN SHERE,                          **CASE NO:** CV2023-015318

9                         Plaintiff,        **COMPLAINT**

10        vs.

11  CITY OF PHOENIX, a governmental          (JURY TRIAL DEMANDED)
entity; MICHAEL SULLIVAN, Chief of
12  the Phoenix Police Department; DANIEL
JOSEPH SNYDER, an individual; ALEX
13  BEAVER, an individual; CHRISTOPHER
A GITSCH, an individual; ERIC ELLIOT
14  SUMMERVILLE, an individual;
BRITTANY BARTIMOCCIA, an
15  individual; JACOB A LEWIS, an
individual; CHARLES C ALLEN, an
16  individual; JENNIFER LORRAIN
BEBERNISS, an individual; AMANDA
17  NEWSUM, an individual; and, JOHN
AND JANE DOES I-X,
18
19                         Defendants
20
21
22

23        Plaintiff, by and through his attorneys, Mills + Woods Law, PLLC, for his

24  Complaint against the CITY OF PHOENIX, a governmental entity; MICHAEL

25  SULLIVAN, Chief of the Phoenix Police Department; DANIEL JOSEPH SNYDER, an

26  individual; ALEX BEAVER, an individual; CHRISTOPHER A GITSCH, an individual;

27  ERIC ELLIOT SUMMERVILLE, an individual; BRITTANY BARTIMOCCIA, an

28  individual; JACOB A LEWIS, an individual; CHARLES C ALLEN, an individual;

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

JENNIFER LORRAIN BEBERNISS, an individual; AMANDA NEWSUM, an individual; and, JOHN AND JANE DOES I-X, (collectively "Defendants"), hereby alleges as follows:

## JURISDICTION AND VENUE

1.      Pursuant to 42 U.S.C. §1983 *et seq.*, Plaintiffs bring this action for violations of the United States Constitution, including without limitation the Eighth and Fourteenth Amendments and Arizona common and statutory laws.

2.      The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.      To the extent applicable, and without conceding that said statute applies, Plaintiffs have served their Notice of Claim upon Defendants in compliance with A.R.S. §12-821.01, *et seq.* More than sixty (60) days have expired since Plaintiffs served their Notice of Claim and Defendants have not responded in any manner to said Notice of Claim.

4.      Pursuant to Article 6, Section 14 of the Arizona Constitution, this court has original subject matter jurisdiction in this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant, have caused the events alleged herein to occur with primary effect in Maricopa County, Arizona.

5.      Venue is proper in that the specific acts giving rise to the causes of action alleged herein occurred with primary effect in Maricopa County, Arizona.

## PARTIES

6.      At all relevant times in this Complaint, Plaintiff Stephan Shere ("Stephan") was an individual residing in Maricopa County, Arizona.

7.      Defendant CITY OF PHOENIX is a governmental entity that acts by and through its officials, employees, and agents, including without limitation the Phoenix Police Department, and each of the other Defendants in this action except for Defendants Humberto Gonzalez-Rios and Jane Doe Gonzalez-Rios.

8.      Defendant MICHAEL SULLIVAN is the Chief of the Phoenix Police Department and is sued in his official and individual capacity. He is tasked with oversight of the Phoenix Police Department and is responsible for all policies and procedures

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

promulgated by the Phoenix Police Department. He is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

9.      Defendant DANIEL JOSEPH SNYDER is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

10.      Defendant ALEX BEAVER is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

11.      Defendant CHRISTOPHER A GITSCH is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

12.      Defendant ERIC ELLIOT SUMMERVILLE is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

13.      Defendant BRITTANY BARTIMOCCIA is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in her official and individual capacity in Maricopa County, Arizona.

14.      Defendant JACOB A LEWIS is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

15.      Defendant CHARLES C ALLEN is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in his official and individual capacity in Maricopa County, Arizona.

16.      Defendant JENNIFER LORRAIN BEBERNISS is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in her official and individual capacity in Maricopa County, Arizona.

17.      Defendant AMANDA NEWSUM is a Police Officer, employed by and is an agent of the City of Phoenix and the Phoenix Police Department, operating in her official

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

and individual capacity in Maricopa County, Arizona.

18.     Defendants Snyder, Beaver, Gitsch, Summerville, Bartimoccia, Lewis, Allen, Beberniss, and Newsum for brevity's sake will be collectively referred to as "Phoenix Defendants" unless otherwise necessary to list them individually.

19.     The City of Phoenix is vicariously liable under the principle of *respondeat superior* for the actions and inactions of the employees of the Phoenix Police Department (the "City") and any private contractors including those employees or contractors named as defendants in this action, as to any claims that are asserted by Plaintiff as a result of violations of the Arizona Constitution and Arizona common law because, at all relevant times, Defendants were acting within the course and scope of their employment or contract with Phoenix - or entities privately contracted with Phoenix.

20.     For purposes of Plaintiffs' claims arising under Federal law, including without limitation the United States Constitution and 42 U.S.C. §1983 *et seq.*, and as may be relevant to Plaintiff's state law claims, at all relevant times described herein, Defendants were acting under color of state law.

21.     Each of the Defendants failed to do what is minimally required of them by the United States Constitution, and the laws of the State of Arizona, relative to the care, custody and control of Stephan Shere.

22.     By failing in these obligations, Defendants were deliberately indifferent to Stephan's rights guaranteed him by the United States Constitution and the State of Arizona.

23.     As a result of Defendants' deliberate indifference and as a result of intentional acts and omissions to act that fell below the proscribed standard of care – through failures to properly supervise; properly carry out their job duties; and to properly administer medical attention – Stephan suffered immense pain and suffering and injuries to his person.

## FACTUAL ALLEGATIONS

24.     On October 4, 2022, Stephan Shere was attacked by the police.

25.     He was then detained for two (2) days in jail until October 6, 2022, when the

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

charges were dropped.

26.     On October 4, 2022, Stephan's sister thought Stephan was suicidal and called 911 to report a welfare check.

27.     Police were dispatched to Stephan's residence including Officer Badge # 10370 who took photographs.

28.     When the Police arrived, instead of trying to defuse the situation and ensure Shere was safe, Police officers escalated the contact to the point of physically attacking Stephan.

29.     With no provocation, Stephan was beaten and tased by officers – sustaining physical and mental injuries that could be life-long.

30.     Charges against Stephan were dropped by the prosecutor.

31.     Specifically, Stephan was tased and shot by bean bags by Phoenix Police Officers for no reason other than to cause him pain and suffering.

32.     Stephan has been diagnosed with PTSD and was having a mental breakdown when the police came for a wellness check.

33.     Instead, they tased and used bean bags on him almost immediately.

34.     Stephan was not hostile in any way.

35.     Regardless, the Phoenix Police Officers charged Stephan with multiple aggravated assault charges against the officers.

36.     They split Stephan's head open, brought him to the hospital, and, then jailed him illegally for two (2) days, before he was released.

**Officer Snyder**

37.     The Phoenix Defendants were dispatched to perform a welfare check on Stephan.

38.     Despite this, Officer Snyder approached the situation armed with his ballistic shield.

39.     Officer Snyder falsely claimed that Stephan sent his dog out to the officers as an act of aggression.

40.   Snyder himself wrote in his police report that Stephan's dog was not aggressive and was easily corralled by another officer.

41.   Snyder claimed that Stephan was non-compliant.

42.   In his report he writes "AN OPPORTUNITY CAME UP AND OFFICER'S UTILIZED LESS THAN LETHAL OPTIONS TO EFFECT AN ARREST ON STEPHAN."

43.   At that point, shotgun beanbags and police tasers were used on Stephan.

44.   Officer Snyder then "pinned" Stephan to the wall with his ballistic shield.

45.   Snyder writes that as he was approaching Stephan, "STEPHAN'S HEAD STARTED TO RAISE BACK UP AND THE BALLISTIC SHIELD STRUCK HIS HEAD."

46.   He then writes that "IT APPEARED THAT HIS HEAD STARTED TO BLEED AFTER HE WAS STRUCK."

### Officer Gitsch

47.   Officer Gitsch was part of the team that assaulted or stood by and did nothing to stop the assault on Stephan.

48.   Gitsch acknowledges that Stephan greeted the officers and then closed his door to them.

49.   The officers – including Gitsch – continued to cajole and eventually forced Stephan to exit his residence.

50.   Gitsch writes that Stephan was "STUNBAGGED" and "TASED."

51.   To be clear, Officer Gitsch fired his taser successfully and unnecessarily hitting Stephan and injuring him.

### Officer Summerville

52.   Officer Summerville was part of the team that assaulted or stood by and did nothing to stop the assault on Stephan.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

53.   Stephan greeted the officers and then closed his door to them.

54.   The officers continued to cajole and eventually forced Stephan to exit his residence.

55.   To be clear, Officer Summerville fired his shotgun beanbag weapon successfully and unnecessarily hitting and injuring Stephan.

### Officers Bartimoccia, Lewis, Allen, Beberniss

56.   Officers Bartimoccia, Lewis, Allen, and Beberniss (the "Onlookers") were part of the team that either assaulted or stood by and did nothing to stop the assault on Stephan.

57.   During the time that the Phoenix Defendants cajoled and eventually forced Stephan to exit his residence, Stephan was "STUNBAGGED" and "TASED."

58.   The Onlookers at any point could have intervened and stopped any of the Phoenix Defendants from their excessive and unnecessary actions.

59.   They did not intervene.

60.   The Onlookers are just as responsible for the wrongful and unconstitutional conduct as those who participated in the attacks detailed herein. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham*, 229 F.3d at 1289 (quotations omitted) (quoting *United States v. Koon*, 34 F.3d 1416, 1447, n.25 (9th Cir. 1994)). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.* (citation omitted).

### Additional Facts and Background

61.   The Phoenix Defendants charged Stephan with seven (7) counts of aggravated assault under the pretense that Stephan sent his dog, Max, out to attack the Phoenix Defendants.

62.   This did not happen.

63.   Max is an emotional support animal and is as docile of a canine as there can be.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

64. Max was at the door because of the instigation of the officers.

65. Max was there to support Stephan – as he always is.

66. In each and every report from the Phoenix Defendants, they all acknowledge that Max was friendly and docile.

67. The mere presence of an animal is not a threat.

68. Furthermore, each of the Phoenix Defendants acknowledge that Stephan was not receptive to having an interaction with the Phoenix Defendants – which is his right.

69. Stephan told the officers that he wanted nothing to do with them, and he shut his door on them.

70. The Incident Report even states "HE TOLD US NUMEROUS TIMES TO GO AWAY AND WOULD ONLY TELL US 'IT DOESN'T MATTER' WHEN ASKED IF HE WAS GOING TO HURT HIMSELF. HE WOULD ONLY OPEN THE DOOR A SMALL AMOUNT AND KEPT ONE HAND HIDDEN BEHIND THE DOOR. THERE WAS A BRINDLE COLOR PITBULL DOG BEHIND STEPHAN AS HE STOOD IN THE DOORWAY."

71. Stephan was actively preventing his dog from exiting the door.

72. Stephan even told the Phoenix Defendants to put down the Ballistic Shields and he would put down anything on his person so they could chat.

73. When Stephan looked around the corner into the hallway and saw multiple officers with their service weapons drawn on him, he was understandably fearful that he could be injured or die.

74. The Phoenix Defendants continued to announce and knock and demand Stephan exit his residence.

75. Stephan reluctantly opened the door a fateful final time and the Phoenix Defendants were successful in removing him from his residence and brutally beating him to the point he needed emergency care.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

8

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## COUNT I

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

### *(Phoenix Defendants)*

76.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

77.     42 U.S.C. § 1983 provides individuals with a cause of action to sue for violations of his or her constitutional rights. The 14th Amendment protects individuals from constitutional violations of State and local authorities. As incorporated by the 14th Amendment, the 4th Amendment protects individuals from the use of excessive force by law enforcement officers. The Defendants, while acting in their official capacity and individual capacities and under the color of law, violated Stephan Shere's rights to freedom from unreasonable seizures.

78.     The Phoenix Defendants acted willfully, knowingly, and with specific intent to deprive Stephan of his rights under the Fourth Amendment of the United States Constitution, including his right to be secure in his person and free from the use of unreasonable force and seizure.

79.     The Phoenix Defendants acted unreasonably by using unnecessary deadly forced as described herein.

80.     Stephan was not resisting arrest.

81.     Stephan was unarmed.

82.     Stephan did not want any interaction with the Phoenix Defendants.

83.     Stephan was forced out of his apartment by the Phoenix Defendants.

84.     Despite the clear evidence that Stephan was unarmed, not resisting arrest, and was trying to be helpful, Defendants Synder, Gitsch, and Summerville used objectively unreasonable force by shooting Stephan with beanbags, hitting him with ballistic shields, and tasing him.

85.     The remaining Phoenix Defendants, failed to intercede or intervene to prevent their fellow officers from using unwarranted, reckless force with wanton disregard

9

to the preservation of life.

86.     Stephan's injuries were the direct result of the Phoenix Defendants' actions and inactions.

87.     Additionally, the acts of Defendants and their employees and agents, as set forth above, demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Stephan and a high probability that substantial harm would result.

88.     In causing the painful, barbaric injuries to Stephan, Defendants and their employees and agents acted with an evil mind and a malignant heart warranting an award of punitive damages.

## COUNT II

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* - POLICY

### *(City; Sullivan)*

89.     Plaintiff incorporates by reference all previous allegations as fully set forth herein.

90.     As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

91.     Defendant City and Defendant Sullivan's acts or failure to act deprived Stephan of his constitutional rights.

92.     The City has for years established and implemented policies and procedures that created a pattern and practice in the Phoenix Police Department that consistently acts with wanton disregard for the rights of individuals and the sanctity of human life.

93.     Despite the Phoenix Police Department's and the City's ministrations, de-escalation techniques are upon information and belief rarely used and the wrongful use of excessive force has become the norm.

94.     The City and Sullivan provide little transparency to the investigation and discipline – if any – of its officers and agents.

95.     The City and Sullivan release edited or redacted versions of evidence which

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

limit or hide information that should be released.

96.     If de-escalation was truly a priority, Stephan would not have suffered injuries during a "Welfare Check."

97.     The policies and procedures in place have failed and established a police force that has consistently acted with blatant disregard to Stephan's constitutional rights and extreme indifference to the value of his life.

98.     The Phoenix Police Department has consistently failed to adequately discipline their officers who engage in unlawful conduct, ultimately creating a culture in which use of excessive force and unreasonable use of deadly force is commonplace.

99.     Therefore, the policies adopted by Defendant City and Defendant Sullivan, lead their officers to deliberately injure Stephan.

## COUNT III

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – CUSTOM AND PRACTICE

### *(City; Sullivan)*

100.    Plaintiff incorporates by reference all previous allegations as fully set forth herein.

101.    As previously explained, U.S.C. § 1983 provides individuals with a cause of action to sue for violations of their constitutional rights.

102.    Defendant City and Defendant Sullivan's acts or failure to act deprived Stephan of his constitutional rights.

103.    As described herein, the City and the Phoenix Police Department through Defendant Sullivan and his predecessors has for years created a legacy of using excessive and unlawful force against the citizens of Phoenix, Arizon.

104.    The City, the Phoenix Police Department, and Defendant Sullivan as well as his predecessors has for years acted pursuant to their customs and practices in the use of excessive force, which is an expressly adopted official policy or custom within the Phoenix Police Department.

105.    Operation Orders advise officers on the use of de-escalation techniques in

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

situations where objectively no lethal force is warranted.

106.    The City and Sullivan were aware of the Phoenix Police Department's history of Chiefs claiming that new de-escalation policies or use of force policies had been established.

107.    The statistics show otherwise.

108.    Instead, the customs and practices of the City, the Phoenix Police Department, and Sullivan show that the de-escalation and use of non-lethal force is not enforced through written policy but established and ratified by custom and practice.

109.    Despite the Phoenix Police Department's and the City's ministrations, de-escalation techniques are upon information and belief rarely used and the wrongful use of excessive force has become the norm.

110.    If de-escalation was truly a priority, Stephan would not have sustained injuries.

111.    The policies and procedures in place have failed and established a police force that has consistently acted with blatant disregard to Stephan's constitutional rights and extreme indifference to the value of his life.

112.    It is unquestionable that there is a systemic failure by the City, the Phoenix Police Department, and Sullivan that have allowed, supported, and established the commonplace use of excessive force violative of the rights of the citizens of Phoenix, Arizona.

113.    Therefore, the established customs and practices led directly to the injuries sustained by Stephan.

114.    The City and Sullivan are liable for Stephan's injuries due to its established customs, patterns, and practices.

## COUNT IV
## DUTY AND FAILURE TO INTERVENE
*(Phoenix Defendants)*

115.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

116.    "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham*, 229 F.3d at 1289 (quotations omitted) (quoting *United States v. Koon*, 34 F.3d 1416, 1447, n.25 (9th Cir. 1994)). "Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede." *Id.* (citation omitted).

117.    Law enforcement officers who have a realistic opportunity to prevent a fellow officer from violating a citizen's Constitutional rights have a duty to intervene to protect the victim from the unconstitutional retaliation, use of force or violation of due process of law.

118.    As set forth herein, at no time did any of the Phoenix Defendants make any affirmative step to intervene to protect Plaintiffs' Constitutional rights.

119.    The acts and/or omissions of Phoenix Defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of Plaintiffs. Plaintiffs, therefore, prays for an award of punitive and exemplary damages against these individual defendants in an amount to be determined according to proof.

120.    Plaintiff suffered damages as a direct and proximate result of the illegal acts of the Phoenix Defendants.

## COUNT V
## NEGLIGENCE AND GROSS NEGLIGENCE
### *(All Defendants)*

121.    Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

122.    The basic elements of actionable negligence are a duty owed to the plaintiff, a breach thereof and an injury proximately caused by the breach. *Ballesteros v. State*, 161 Ariz. 625, 627, 780 P.2d 458, 460 (App. 1989).

123.    "A duty is a matter of 'the relation between individuals which imposes upon one a legal obligation for the benefit of another.'" *Id.* (internal citations omitted). A duty is breached when the defendant fails to conform to the standard of care reasonable under

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

the circumstances. *Ballesteros*, 161 Ariz. at 627.

124.     At all relevant times, each and every Defendant had a duty to exercise ordinary care for the safety of Stephan Shere.

125.     This includes taking certain actions and refraining from other actions such that the safety from harm to Stephan was preserved.

126.     Defendants breached that duty systematically and repeatedly, including their acts and omissions set forth above, resulting in the injuries to Stephan.

127.     Defendant City of Phoenix is vicariously liable under *respondeat superior* for the actions of any employee, agent, or servant of the City of Phoenix, including that of the other named Defendants in this case.

128.     Defendant Snyder breached the standard of care by using excessive force objectively unreasonable under the totality of the circumstances.

129.     Defendant Gitsch breached the standard of care by using excessive force objectively unreasonable under the totality of the circumstances.

130.     Defendant Summerville breached the standard of care by using excessive force objectively unreasonable under the totality of the circumstances.

131.     The remaining Onlookers breached the standard of care by failing to intercede or intervene to prevent their fellow officers from using unwarranted, reckless force with wanton disregard to the preservation of life.

132.     The Phoenix Defendants, while acting as agents and employees for the Phoenix Police Department, owed a duty to Stephan to perform their responsibilities as officers of the law without the use of excessive force.

133.     The Phoenix Defendants, while acting as agents and employees for Phoenix Police Department, owed a duty to Stephan to act objectively reasonably under the circumstances.

134.     The Phoenix Defendants' use of excessive force upon Stephan constitutes recklessness and/or negligence for which the Defendants are individually liable.

135.     The Phoenix Defendants' conduct, in using excessive force, constitutes negligence and gross negligence for which the Phoenix Defendants are individually liable.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

14

136.     In taking the actions as described above, the Phoenix Defendants breached their duty to refrain from such unreasonable and indifferent conduct.

137.     As a direct and proximate result of Defendants' breach, Stephan Shere sustained severe and permanent injuries, suffered extreme pain and suffering, continues to suffer from severe PTSD, and has extreme difficulty in maintaining or creating meaningful relationships.

138.     Defendants' acts and omissions set forth above, also demonstrate gross and wanton negligence in that each of them knew or had reason to know that their acts individually and collectively created an unreasonable risk of bodily harm to Stephan and a high probability that substantial harm would result.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(Phoenix Defendants, City [vicarious liability])*

139.     Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

140.     To sue for intentional infliction of emotional distress, a claimant must show: (1) defendant's conduct was extreme and outrageous; (2) defendant either intended or recklessly disregarded the certainty that the claimant would suffer emotional distress; and (3) the claimant suffered emotional distress. *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 553, 905 P.2d 559, 562 (Ct. App. 1995).

141.     The Defendants engaged in extreme and outrageous conduct by beating, shooting beanbags, and firing tasers against Stephan without proper justification.

142.     All the Phoenix Defendants had a duty to intervene.

143.     None of the Phoenix Defendants reported anything other than Stephan not wanting a confrontation.

144.     Through their conduct, the Defendants either intended or completely disregarded Stephan's dignity and constitutional rights and knew their conduct would lead Stephan to suffer emotional distress.

145.     Thus, the Defendants are liable for intentional infliction of emotional

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

distress.

## COUNT VII

### BATTERY

*(Phoenix Defendants)*

146.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

147.    The Phoenix Defendants intentionally beat, shot, and tazed Stephane causing harmful or offensive contact with Stephan.

148.    As a direct and proximate result of the Phoenix Defendants' harmful or offensive contact, Stephan suffered severe injuries.

149.    These Defendants' acts constitute a battery upon Stephan in the above-described bodily contact was intentional, unauthorized, or grossly offensive in nature.

150.    The acts and omissions of these Defendants were intentional, negligent, reckless, and unwarranted, and without any just cause or provocation.

151.    As a direct and proximate result of these Defendants' conduct, Stephan was deprived of his liberty, and was ultimately severely injured. The conduct described herein was undertaken by the Phoenix Defendants within the scope of their employment and under color of law such that their employer, Phoenix Police Department – and the City of Phoenix – are vicariously liable for their actions.

## COUNT IX

### NEGLIGENT HIRING, SUPERVISION, RETENTION, AND/OR TRAINING

*(Phoenix Defendants, Sullivan, City [Monell liability])*

152.    Plaintiff incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

153.    Under Arizona law, an employer may be held directly liable for negligent hiring, retaining and supervision of their employees if: i) The employer knew or should have known the risk of hiring, supervising, and training a particular employee and, ii) The employer's negligence proximately caused the plaintiff's injury.

154.    Upon information and belief, the Phoenix Police Department through the

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

City is ranked as the top policing agency in the nation for use of deadly and excessive force by officers.

155.     The United States Department of Justice (USDOJ) is investigating the Phoenix Police Department for systemic violations through their failure to properly train, investigate, or discipline officers.

156.     The City through the Phoenix Police Department was negligent in their hiring, supervision, retention, and/or training of the Defendants.

157.     Defendant City and Defendant Sullivan have a duty to adequately train their police officers to protect members of the public.

158.     The Phoenix Defendants and Defendant Sullivan were acting under the color of state law.

159.     The Operation Orders of the Phoenix Police Department were not adequate to handle the usual and recurring situations that Phoenix Police officers face.

160.      As a result of the USDOJ investigation, the Phoenix Police Department received suggestions to increase the usage of de-escalation techniques and decrease the employment of unwarranted excessive force.

161.     Defendant City and Defendant Sullivan, undeniably failed to employ these suggestions from the USDOJ and maintains inadequate training.

162.     Sullivan has publicly stated that over four hundred (400) officers had not received proper training on the use of less than lethal force.

163.     The acts, omissions, and conduct of the Defendants as described herein were the direct and proximate cause of the injuries of Stephan and violated Stephan's constitutional, statutory and common law rights as guaranteed by the law and Constitution of the State of Arizona.

**JURY TRIAL DEMAND**

164.     Plaintiff hereby demands a jury trial in this matter as to all claims and against all Defendants.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that the Court enter judgment against the Defendants and in favor of the Plaintiff, as follows:

a)   For compensatory, general and special damages against each and every Defendant, jointly and severally, in an amount to be proven at trial;

b)   For all other non-pecuniary damages as to be proven at trial;

c)   For punitive and exemplary damages against Defendants in an amount appropriate to punish the wrongful conduct alleged herein and to deter such conduct in the future;

d)   For pre-and post judgment interest to the extent provided by law;

e)   For Plaintiffs' incurred costs, including all incurred attorneys' fees and court costs, pursuant to 42 U.S.C. §1988 and as otherwise authorized by any other statute or law; and

f)   For such other relief as this Court may deem proper.

**RESPECTFULLY SUBMITTED** this 3rd day of October 2023.

**MILLS + WOODS LAW, PLLC**

By_____*/s/ Sean A. Woods*_____
**Error! Reference source not found.**
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

**ORIGINAL** filed this 3rd day of October 2023
via AZTurboCourt with the Clerk of the
Maricopa County Superior Court

_____*/s/ Ben Dangerfield*_____

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556