Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Stephan Shere, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Daniel Joseph Snyder, an individual; Alex Beaver, an individual; Christopher A Gitsch, an individual; Eric Elliot Summerville, an individual; Brittany Bartimoccia, an individual; Jacob A Lewis, an individual; Charles C Allen, an individual; Jennifer Lorrain Beberniss, an individual; Amanda Newsum, an individual; and, John and Jane Does I-X, <br><br> Defendants. | No.: CV-23-02657-PHX-JJT (ESW) <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** <br><br> (Assigned to the Honorable John J. Tuchi and Referred to the Honorable Eileen S. Willett for all pretrial proceedings) |

Through counsel undersigned and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure Rule and Rule 15.1(a) of the Local Rules of Civil Procedure, Plaintiff Stephan Shere ("Plaintiff") hereby moves for leave to file a Second Amended Complaint in this action. A copy of Plaintiff's Proposed Second Amended Complaint indicating in what respect it differs from the First Amended Complaint by striking through the text to be deleted and underlining the text to be added is attached as "**Exhibit 1**" to this Motion.

"[L]eave to amend ***must*** be given freely and liberally." *Ty Kirkpatrick v. Hubman*, No. CV-21-01048-PHX-DJH, at *8 (D. Ariz. Mar. 1, 2023) (emphasis added); *see also, e.g.*, *Olivas v. Nevada, ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 n.2 (9th Cir. 2017) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003)); *see also* Fed. R. Civ. P. 15(a)(2). "[T]he Ninth Circuit has stated that Fed. R. Civ. P. 15(a)'s policy that leave to amend must be 'freely given when justice so requires,' must be applied with '***extreme liberality***' . . . ." *Keller v. United States*, No. CV-11-02345-PHX-PGR, at *5 (D. Ariz. June 28, 2016) (emphasis added) (internal citations omitted) (first quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); and then quoting *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 709 (9th Cir.2001)). Leave to amend is especially appropriate when, as is the case here, it is not requested beyond the scheduling order deadline for amending complaints and joining parties.[1] *See Greenburg v. Wray*, No. CV-22-00122-PHX-DLR, at *1 (D. Ariz. Jan. 9, 2023).

Here, leave to amend is necessary and appropriate because the parties have met and conferred regarding purported deficiencies in the operative First Amended Complaint, and in response Plaintiff has agreed to amend that complaint in an attempt to correct those purported deficiencies and obviate the need for Defendants to file a motion to dismiss, if at all possible. Moreover, since filing the First Amended Complaint Plaintiff has gained access to additional facts supporting his claims that justifies further amendment – in particular, the Department of Justice recently released a Report finding that Defendant City of Phoenix has a pattern and practice of wrongfully using excessive force. In addition,

---

[1] Here, a Scheduling Order has not even yet been issued.

2

since filing the First Amended Complaint Defendant City of Phoenix has graciously provided early discovery and made the officers' bodycam videos available to undersigned counsel.

"Generally, th[e] determination [as to whether to grant a motion for leave to amend] should be performed with ***all inferences in favor*** of granting the motion." *Furst v. Mayne*, No. CV-20-01651-PHX-DLR, at *1 (D. Ariz. Mar. 3, 2023) (emphasis added) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Here, given the Ninth Circuit's policy of extreme liberality in granting motions to amend, that Plaintiff's agreement to amend was made in consultation with, and in order to alleviate purported deficiencies identified by, Defendants, and that important and highly relevant evidence supporting Plaintiff's claims has emerged subsequent to the filing of the First Amended Complaint, this Court should freely permit Plaintiff to file his Proposed Second Amended Complaint in the interest of justice.

///

///

///

///

///

///

///

///

///

///

**RESPECTFULLY SUBMITTED** this 26th day of June 2024.

**MILLS + WOODS LAW, PLLC**

By  /s/ Sean A. Woods
    Robert T. Mills
    Sean A. Woods
    5055 N 12th Street, Suite 101
    Phoenix, AZ 85014
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jessica Kokal
jjk@bowwlaw.com
**BROENING, OBERG, WOODS & WILSON, PC**
rla@bowwlaw.com
2800 N Central Ave., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Defendants*

Karen Stillwell
karen.stillwell@phoenix.gov
Lisa Danczewski
lisa.danczewski@phoenix.gov
**OFFICE OF THE CITY ATTORNEY**
law.civil.minute.entries@phoenix.gov
200 W Washington, Ste. 1300
Phoenix, Arizona 85003
*Attorneys for Defendants City of Phoenix, Chief Michael Sullivan, Sgt. Charles Allen, Sgt. Daniel Snyder, Sgt. Eric Summerville, and Sgt. Brittany Bartimoccia*

   /s/ Ben Dangerfield

4