LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
2800 NORTH CENTRAL, 16TH FLOOR
PHOENIX, AZ 85004
(602) 271-7700
Jessica J. Kokal/Bar No. 029042
jjk@bowwlaw.com
rla@bowwlaw.com
*Attorney for Defendants City of Phoenix*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Shere,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Daniel Joseph Snyder, an individual; Alex Beaver, an individual; Christopher A Gitsch, an individual; Eric Elliot Summerville, an individual; Brittany Bartimoccia, an individual; Jacob A. Lewis, an individual; Jennifer Lorrain Beberniss, an individual; and, John and Jane Does I-X,<br><br>Defendants. | Case No.: 2:23-cv-02657-JJT-ESW<br><br>**DEFENDANT CITY OF PHOENIX'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

For their Answer to Plaintiffs' Second Amended Complaint, Defendants, by and through counsel undersigned, hereby admit, deny, and allege as follows:

## <u>JURISDICTION AND VENUE</u>

1.       Answering Paragraph 1, Defendants deny these allegations insofar as they purport to state a cause of action against them.

2.       Answering Paragraph 2, Defendants deny these allegations insofar as they purport to state a cause of action against them.

3.    Answering Paragraph 3, deny.

4.    Answering Paragraph 4, Defendants admit jurisdiction is proper as to the Second Amended Complaint (identified in Paragraph 4 as the First Amended Complaint) but deny these allegations insofar as they purport to state a cause of action against them.

5.    Answering Paragraph 5, Defendants admit venue.

**PARTIES**

6.    Answering Paragraph 6, upon information and belief, admit.

7.    Answering Paragraph 7, Defendant City of Phoenix admits it is a governmental entity, but denies these allegations insofar as they purport to state a cause of action against it.

8.    Answering Paragraph 8, Defendant Michael Sullivan admits he is the Chief of the Phoenix Police Department but denies these allegations insofar as they purport to state a cause of action in this matter.

9.    Answering Paragraph 9, Defendant Snyder was dismissed pursuant to Order dated December 26, 2024.  As such, no response is required.

10.    Answering Paragraph 10, Defendant Beaver was dismissed pursuant to Order dated December 26, 2024.  As such, no response is required.

11.    Answering Paragraph 11, Defendant Snyder admits that at all relevant times he was a police officer employed by the City of Phoenix and the Phoenix Police Department, but denies these allegations insofar as they purport to state a cause of action against him.

12.    Answering Paragraph 12, Defendant Summerville admits that at all relevant times he was a police officer employed by the City of Phoenix and the Phoenix Police Department, but denies these allegations insofar as they purport to state a cause of action against him.

13.    Answering Paragraph 13, Defendant Bartimoccia was dismissed pursuant to

Order dated December 26, 2024.  As such, no response is required.

14.    Answering Paragraph 14, Defendant Lewis was dismissed pursuant to Order dated December 26, 2024.  As such, no response is required.

15.    Answering Paragraph 15, Defendant Allen was dismissed pursuant to Order dated December 26, 2024.  As such, no response is required.

16.    Answering Paragraph 16, Defendant Beberniss was dismissed pursuant to Order dated December 26, 2024.  As such, no response is required.

17.    Answering Paragraph 17, Defendants object to the inclusion of dismissed defendants Snyder, Beaver, Bartimoccia, Lewis, Allen, and Beberniss as "Phoenix Defendants" as each of these individual defendants was dismissed pursuant to Order dated December 26, 2024.  Defendants' responses to any allegations referencing the "Phoenix Defendants" will only be responsive on behalf of remaining Defendants Gitsch and Summerville.

18.    Answering Paragraph 18, the City admits vicarious liability but denies these allegations insofar as they purport to state a cause of action against any of the Answering Defendants.

19.    Answering Paragraph 19, Defendants deny these allegations insofar as they purport to state a cause of action against any of the Answering Defendants.

20.    Answering Paragraph 20, Defendants deny these allegations.

21.    Answering Paragraph 21, Defendants deny these allegations.

22.    Answering Paragraph 2, Defendants deny these allegations insofar as they purport to state a cause of action against any of the Answering Defendants.

**FACTUAL ALLEGATIONS**

23.    Answering Paragraph 23, Defendants lack sufficient information to admit or deny these allegations as they pertain to Plaintiff's mental health as Defendants are not medical professionals.  Defendants admit that they were dispatched to Plaintiff's residence

due to reports that Plaintiff was suicidal.

24.    Answering Paragraph 24, admit.

25.    Answering Paragraph 25, admit.

26.    Answering Paragraph 26, admit.

27.    Answering Paragraph 27, deny.

28.    Answering Paragraph 28, Defendants Gitsch and Summerville admit that Plaintiff was extremely hostile and appeared intoxicated, said it did not matter if he was thinking of harming himself, told officers to go away, and slammed the door.

29.    Answering Paragraph 29, deny.

30.    Answering Paragraph 30, deny.

31.    Answering Paragraph 31, deny.

32.    Answering Paragraph 32, Defendants Gitsch and Summerville drew their service weapons in response to Plaintiff answering the door with a knife around his neck, wearing a tactical vest, and refusing to show his left hand behind the door, leading officers to believe Plaintiff was armed with the handgun shown in the photograph to his sister prompting the 911 call for a welfare check.

33.    Answering Paragraph 33, deny.

34.    Answering Paragraph 34, Defendants Gitsch and Summerville admit they did not have a warrant but assert that they had probable cause.

35.    Answering Paragraph 35, Defendants Gitsch and Summerville deny these allegations.

36.    Answering Paragraph 36, Defendants Gitsch and Summerville deny these allegations.

37.    Answering Paragraph 37, Defendants Gitsch and Summerville admit that after

38.    Answering Paragraph 38, deny.

39.    Answering Paragraph 39, deny.

4

40.     Answering Paragraph 40, Defendants Gitsch and Summerville admit only that Plaintiff withdrew into the apartment and was not fully visible to officers.

41.     Answering Paragraph 41, Defendants deny this allegation.

42.     Answering Paragraph 42, Defendants lack sufficient information to admit or deny this allegation as it pertains to Plaintiff's mental state regarding his life at the time but deny the remaining allegations contained in this Paragraph.  Plaintiff instead made comments about how he "actually want[ed] to be tased" and said "you can shoot me" and "I don't care about dying…because I don't have anything to live for" while simultaneously refusing Defendants requests that he come out into the hallway and talk to them.

43.     Answering Paragraph 43, Defendants deny these allegations and incorporate their response to Paragraph 42 as if fully set forth herein.

44.     Answering Paragraph 44, Defendants deny these allegations.

45.     Answering Paragraph 45, Defendants Gitsch and Summerville deny these allegations.  Plaintiff was wearing all black including a tactical vest, had a knife around his neck, was carrying a bag with unknown contents, sent his pit bull out to Defendants, and reported to Defendants that he was "trained by…Blackwater."

46.     Answering Paragraph 46, Defendants deny these allegations insofar as they purport to state a cause of action against them.

47.     Answering Paragraph 47, Defendants Gitsch and Summerville admit these allegations.

48.     Answering Paragraph 48, Defendants deny these allegations insofar as they purport to state a cause of action against them.

49.     Answering Paragraph 49, Defendants lack sufficient information to admit or deny these allegations regarding Stephan's observations at the time of the incident.

50.     Answering Paragraph 50, Defendants deny these allegations.

51.     Answering Paragraph 51, Defendants deny these allegations.

52.    Answering Paragraph 52, Defendants deny these allegations.

53.    Answering Paragraph 53, Defendants admit that when Stephan threw the dog at them in an apparent attempt to get the dog to attack the officers, the pit bull simply walked toward officers and appeared to be confused and possibly frightened.

54.    Answering Paragraph 54, Defendants lack sufficient information to admit or deny the allegations regarding Stephan's internal desires and therefore deny same.

55.    Answering Paragraph 55, Defendants deny these allegations insofar as they purport to state a cause of action against them.  The officers kept Max safe with them because they did not want Max, and then Plaintiff, to go back into the unit.  They instead tried to persuade Stephan to come out of the apartment to see his dog and speak to them.

56.    Answering Paragraph 56, Defendants Gitsch and Summerville deny these allegations

57.    Answering Paragraph 57, Defendants admit that Stephan was initially charged with aggravated assault but deny the remaining allegations insofar as they purport to state a cause of action against them.

58.    Answering Paragraph 58, Defendants admit that this is what the police report states in part but deny that any further response is required as Officer Snyder is no longer a defendant in this matter.

59.    Answering Paragraph 59, Defendant admits that this is what the police report states in part but deny that any further response is required as Officer Snyder is no longer a defendant in this matter.

60.    Answering Paragraph 60, Defendant admits that this is what the police report states in part but deny that any further response is required as Officer Snyder is no longer a defendant in this matter.

61.    Answering Paragraph 61, Defendants deny that any response is required as Officer Beaver is no longer a defendant in this matter.

62.     Answering Paragraph 62, Defendants admit that they attempted to say hello to the dog when interacting with Plaintiff at the door of his apartment and that Stephan was hostile and told them not to talk to his dog.

63.     Answering Paragraph 63, deny.

64.     Answering Paragraph 64, deny.

65.     Answering Paragraph 65, Defendants admit that upon information and belief charges were not pursued against Plaintiff.

66.     Answering Paragraph 66, deny.

67.     Answering Paragraph 67, Defendants Gitsch and Summerville deny.

68.     Answering Paragraph 68, Defendants deny that any response is required as Sergeant Lewis is no longer a defendant in this matter.

69.     Answering Paragraph 69, Defendants lack sufficient information to admit or deny these allegations and therefore deny.

70.     Answering Paragraph 70, deny.  Plaintiff expressly refused to speak to Defendants and instead repeatedly stated, "fuck you" and "go away," called them "fucking ignorant," "fucking assholes," and repeatedly refused to cooperate with their requests.

71.     Answering Paragraph 71, deny.  Plaintiff had a knife around his neck, refused to show his hands, and was later found to have a second knife in his pocket.  He also sent a pit bull, who was ultimately found to be friendly, out to Defendants.

72.     Answering Paragraph 72, deny. Plaintiff had a knife around his neck, refused to show his hands, and was later found to have a second knife in his pocket.  He also sent a pit bull, who was ultimately found to be friendly, out to Defendants.

73.     Answering Paragraph 73, admit.

74.     Answering Paragraph 74, admit.

75.     Answering Paragraph 75, Defendants admit only that they repeatedly asked Plaintiff to come out and tried to convince Plaintiff to come out and talk to them.

76.    Answering Paragraph 76, Defendants admit that the police report states "He was very belligerent and constantly stating how much he hated police," but deny the remaining allegations.

77.    Answering Paragraph 77, Defendants Gitsch and Summerville deny.

78.    Answering Paragraph 78, Defendants admit that Plaintiff was slurring his speech and seemed to be under the influence of some kind of substance, and that Plaintiff was hostile by using curse words, but deny the remaining allegations.  In addition, Plaintiff told Defendants he had a knife, was carrying a tactical bag, told officers he was "trained by…Blackwater," and refused to cooperate.

79.    Answering Paragraph 79, Defendants Gitsch and Summerville deny.

80.    Answering Paragraph 80, deny.

81.    Answering Paragraph 81, Defendants admit that minutes passed between when the first officers arrived and when other officers arrived at the scene

82.    Answering Paragraph 82, deny insofar as these allegations purport to state a cause of action against Defendants.

83.    Answering Paragraph 83, Defendant Summerville denies.

84.    Answering Paragraph 84, Defendants Gitsch and Summerville dey.

85.    Answering Paragraph 85, deny.

86.    Answering Paragraph 86, deny insofar as these allegations purport to state a cause of action against Defendants.

87.    Answering Paragraph 87, Defendants deny these allegations insofar as they purport to state a cause of action against them.

**<u>Officer Snyder</u>**

88.    Officer Snyder has been dismissed from this lawsuit pursuant to Order dated December 26.  As such, no response to Paragraphs 88 through 107 are required.

**<u>Officer Gitsch</u>**

89.    Answering Paragraph 108, Officer Gitsch admits that he was one of the first officers on scene but denies the remaining allegations contained in paragraph 108.

90.    Answering Paragraph 109, Officer Gitsch admits that he did not initially have his service weapon in hand at the time he knocked on Plaintiff's door and when he first spoke with them.

91.    Answering Paragraph 110, deny.

92.    Answering Paragraph 111, deny.

93.    Answering Paragraph 112, deny.

94.    Answering Paragraph 113, Defendant Gitsch admits that the officers repeatedly tried to convince Plaintiff to peacefully leave his apartment and speak with them about his intent to harm himself.

95.    Answering Paragraph 114, admits this is what the report states in part.

96.    Answering Paragraph 115, deny.

**Officer Beaver**

97.    Officer Beaver has been dismissed from this lawsuit pursuant to Order dated December 26.  As such, no response to Paragraphs 116 through 120 are required.

**Officer Summerville**

98.    Answering Paragraph 121, deny.

99.    Answering Paragraph 122, deny.

100.    Answering Paragraph 124, Officer Summerville admits that the officers repeatedly tried to convince Plaintiff to peacefully leave his apartment and speak with them about his intent to harm himself.

101.    Answering Paragraph 125, deny.

**Officers Bartimoccia, Lewis, Allen, Beberniss**

102.    Officers Bartimoccia, Lewis, Allen, and Beberniss have been dismissed from this lawsuit pursuant to Order dated December 26.  As such, no response to Paragraphs 126

through 130 are required.

**Additional Facts and Background**

103.    Answering Paragraph 131, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

104.    Answering Paragraph 132, the allegations contained in Paragraph 132 are vague and, as such, are denied.

105.    Answering Paragraph 133, Defendants lack sufficient information to admit or deny the status of Max as an emotional support animal.  Defendants deny that they had knowledge of Max's temperament at the time of the incidents giving rise to this Second Amended Complaint.

106.    Answering Paragraph 134, deny.

107.    Answering Paragraph 135, Defendants lack sufficient information to admit or deny these allegations and therefore deny.

108.    Answering Paragraph 136, Defendants admit that ultimately it was determined that Max was not a threat.

109.    Answering Paragraph 137, deny as this is a circumstantial determination that cannot be admitted or denied without more specificity.

110.    Answering Paragraph 138, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

111.    Answering Paragraph 139, admit that Plaintiff did this, in addition to other hostile and noncooperative actions.

112.    Answering Paragraph 140, admit that this is what the report states.

113.    Answering Paragraph 141, deny.

114.    Answering Paragraph 142, deny.  While Plaintiff did want Defendants to put down the ballistic shield, he was wearing a knife around his neck that he did not offer to put down; it was later determined he also had a knife in his pocket that he never told Defendants

about.

115.    Answering Paragraph 143, Defendants lack sufficient information to admit or deny these allegations as they pertain to Plaintiff's mental state at the time, but Plaintiff did not appear fearful when he moved into the hallway, told Defendants they were fucking assholes, told them he had been "trained by…Blackwater" and repeatedly used the word "fuck" in speaking to and refusing to cooperate with them.

116.    Answering Paragraph 144, Defendants Gitsch and Summerville admit that they continued to try to convince Plaintiff to speak with him willingly, indicating that they wanted to provide him with "support" and "help" because of his threat of self-harm.

117.    Answering Paragraph 145, Defendants deny these allegations.

118.    Answering Paragraph 146, Defendants deny these allegations insofar as they purport to state a cause of action against them.

119.    Answering Paragraph 147, Defendants deny these allegations.

120.    Answering Paragraph148, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

121.    Answering Paragraph 149, Defendants admit that the current version of the Operations Order 4.15(2) states this in part.

122.    Answering Paragraph 150, Defendants deny these allegations insofar as they purport to state a cause of action against them, and further affirmatively assert that they acted reasonably at all times under the circumstances.

123.    Answering Paragraph 151, Defendants deny these allegations as Plaintiff did not report he was not a danger to himself but instead repeatedly stated, when asked if he was going to harm himself, "It doesn't matter," and that he wanted the officers to "shoot [him]" because, as he reported, "I don't care about dying…because I don't have anything to live for."

124.    Answering Paragraph 152, Defendants admit that this is what the Operations

Order states but deny its applicability to these circumstances.

125.    Answering Paragraph 153, the allegations contained in Paragraph 153 are vague and, as such, are denied.  Defendants further deny these allegations insofar as they purport to state a cause of action against them.

126.    Answering Paragraph 154, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

127.    Answering Paragraph 155, these allegations are not directed to Defendants and therefore no response is required.

128.    Answering Paragraph 156, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

129.    Answering Paragraph 157, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

130.    Answering Paragraph 158, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

131.    Answering Paragraph 159, Defendants deny these allegations.

132.    Answering Paragraph 159, the allegations contained in Paragraph 159 are vague and, as such, are denied.  Defendants further deny these allegations insofar as they purport to state a cause of action against them.

133.    Answering Paragraph 160, Defendants deny these allegations.

134.    Answering Paragraph 161, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

135.    Answering Paragraph 162, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

136.    Answering Paragraph 163, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

137.    Answering Paragraph 164, deny.

138.    Answering Paragraph 165, deny.

139.    Answering Paragraph 166, deny.

## COUNT I

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

(*Phoenix Defendants Gitsch and Summerville*)

140.    Answering Paragraph 167, Defendants Gitsch and Summerville incorporate their admissions, denials, and responses to Paragraphs 1 through 166 as if fully set forth herein.

141.    Answering Paragraph 168, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

142.    Answering Paragraph 169, deny.

143.    Answering Paragraph 170, deny.

144.    Answering Paragraph 171, deny these allegations insofar as they purport to state a cause of action against them.

145.    Answering Paragraph 172, deny.

146.    Answering Paragraph 173, deny.

147.    Answering Paragraph 174, deny.

148.    Answering Paragraph 175, deny.

149.    Answering Paragraph 176, deny.

150.    Answering Paragraph 177, deny.

151.    Answering Paragraph 178, Defendants lack sufficient information to admit or deny these allegations as to Plaintiff's personal desires, but admit that Plaintiff expressed to Defendants that he wanted them to "go away" and stated, "fuck you" to them repeatedly.

152.    Answering Paragraph 179, Defendants Gitsch and Summerville deny.

153.    Answering Paragraph 180, Defendants Gitsch and Summerville deny.

154.    Answering Paragraph 181, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them, although these allegations appear to be directed to defendants who have previously been dismissed.

155.    Answering Paragraph 182, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

156.    Answering Paragraph 183, deny.

157.    Answering Paragraph 184, deny.

## COUNT II

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – CUSTOM AND PRACTICE

*(City; Sullivan)*

158.    Answering Paragraph 185, Defendants City of Phoenix (the "City") and Chief Sullivan ("Sullivan") incorporate all admissions, denials, and responses to Paragraphs 1 through 185.

159.    Answering paragraph1 86, Defendants deny these allegations insofar as they purport to state a cause of action against them.

160.    Answering Paragraph 187, deny.

161.    Answering Paragraph 188, deny as to Defendants the City and Sullivan.

162.    Answering Paragraph 189, deny as to Defendants the City and Sullivan.

163.    Answering Paragraph 190, this allegation is too vague to be admitted or denied, but Defendants acknowledge that operations orders exist and that some of these orders address de-escalation techniques, although deny that these orders pertain to this incident insofar as the reference thereto purports to state a cause of action against Defendants the City and Sullivan.

164.    Answering Paragraph 191, deny.

165.    Answering Paragraph 192, this allegation is too vague to be admitted or denied and is therefore denied.

166.    Answering Paragraph 193, deny.

167.    Answering Paragraph 194, deny.

168.    Answering Paragraph 195, deny.

169.    Answering Paragraph 196, deny.

170.    Answering Paragraph 197, deny.

171.    Answering Paragraph 198, deny.

172.    Answering Paragraph 199, deny.

## COUNT III

## DUTY AND FAILURE TO INTERVENE

*(City and Sullivan)*

173.    Count III has been dismissed by Order dated December 26, 2024.  As such, no response to paragraphs 200 through 206 are required.

## COUNT IV

## GROSS NEGLIGENCE

*(City and Sullivan)*

174.    Answering Paragraph 207, Defendants incorporate all admissions, denials, and responses to Paragraphs 1 through 206.

175.    Answering Paragraph 208, Defendants deny these allegations insofar as they

purport to state a cause of action against them.

176.    Answering Paragraph 209, Defendants deny these allegations insofar as they purport to state a cause of action against them.

177.    Answering Paragraph 210, Defendants deny these allegations as to remaining Defendants Gitsch and Summerville insofar as they purport to state a cause of action against Defendants.

178.    Answering Paragraph 211, Defendants deny these allegations insofar as they purport to state a cause of action against them.

179.    Answering Paragraph 212, Defendants deny these allegations.

180.    Answering Paragraph 213, Defendants deny these allegations.

181.    Answering Paragraph 214, Defendants deny these allegations.

182.    Answering Paragraph 215, Defendant Snyder has been dismissed from this case pursuant to Order dated December 26, 2024; as such, no response is required.

183.    Answering Paragraph 216, insofar as these allegations pertain to remaining Defendants Gitsch and Summerville, denied as to all Defendants.

184.    Answering Paragraph 217, Defendant City of Phoenix denies these allegations insofar as they purport to state a cause of action as to any remaining Defendant.

185.    Answering Paragraph 218, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

186.    Answering Paragraph 219, Defendants Gitsch and Summerville deny these allegations insofar as they purport to state a cause of action against them.

187.    Answering Paragraph 220, deny.

188.    Answering Paragraph 221, deny.

## **COUNT V**

## **NEGLIGENT HIRING, SUPERVISION, RETENTION AND/OR TRAINING**

(*Sullivan, City [Vicarious liability]*)

16

189.    Answering Paragraph 222, Defendants incorporate all admissions, denials, and responses to Paragraphs 1 through 221.

190.    Answering Paragraph 223, Defendants deny these allegations insofar as they purport to state a cause of action against them.

191.    Answering Paragraph 224, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

192.    Answering Paragraph 225, these allegations do not appear to allege any facts as to these Defendants requiring an admission or denial, but out of an abundance of caution, Defendants nevertheless deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

193.    Answering Paragraph 226, these allegations do not appear to allege any facts as to these Defendants requiring an admission or denial, but out of an abundance of caution, Defendants nevertheless deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

194.    Answering Paragraph 227, these allegations do not appear to allege any facts as to these Defendants requiring an admission or denial, but out of an abundance of caution, Defendants nevertheless deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

195.    Answering Paragraph 228, deny.

196.    Answering Paragraph 229, deny.

197.    Answering Paragraph 230, deny insofar as these allegations purport to state a cause of action against Defendants the City and Sullivan.

198. Answering Paragraph 231, deny insofar as these allegations purport to state a cause of action against them.

199. Answering Paragraph 232, deny.

200. Answering Paragraph 233, deny as to Defendants the City and Sullivan.

201. Answering Paragraph 234, Defendants deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

202. Answering Paragraph 235, deny.

203. Answering Paragraph 236, deny these allegations insofar as they purport to state a cause of action against them, particularly as those allegations are premised on irrelevant hearsay unrelated to this incident.

**JURY TRIAL DEMAND**

204. Defendants demand a jury trial in this matter.

**<u>AFFIRMATIVE DEFENSES</u>**

1. Defendants deny each and every other allegation of the Complaint not specifically admitted herein, and deny that Plaintiff is entitled to punitive damages, attorneys' fees or any of the other relief sought in the Complaint and prayer for relief.

2. As affirmative defenses to the claims set forth in the Complaint, Defendants allege as follows:

   a. Failure to state a claim upon which relief may be granted;

   b. Statute of limitations;

   c. Comparative fault;

   d. Qualified immunity;

   e. Reasonable suspicion/probable cause;

   f. Immunity from punitive damages under state and/or federal law;

      g.     Failure to mitigate damages; and,

      h.     Estoppel.

Defendants set forth below their affirmative defenses. By setting forth these affirmative defenses, Defendants do not assume the burden of proving any fact, issue or element of a claim where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. Further, Defendants fully reserve the right to assert additional defenses, counterclaims, crossclaims or third-party claims and/or amend, supplement or augment this Answer, based on further investigation and discovery.

Defendants allege that their actions were objectively reasonable under the totality of the circumstances then existing. *Graham v. Connor,* 490 U.S. 386 (1989).

Defendants assert there existed probable cause for their actions. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Al Asadi v. City of Phoenix*, 2010 WL 3419728 (D. Ariz. Aug. 27, 2010), *Martinez v. City of Avondale,* 2014 WL 178144 (D. Ariz. Jan. 16, 2014).

Defendants assert that all or a portion of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

Defendants assert that all or a portion of Plaintiff's alleged damages, if any, were proximately caused or contributed to by Plaintiff's own actions or inactions and/or the actions and/or inactions of Plaintiff's agents and/or actions of others, all of which either completely bars or reduces any recovery against Defendants.

Defendants assert Plaintiff has failed to establish a well-established constitutional right which existed at the time of the incident.

Defendants assert that some of Plaintiff's claims may be preempted by federal law.

Defendants dispute standing for some or all of Plaintiff's claims as pled.

Defendants assert he acted lawfully at all times and that all alleged conduct is legally justified and/or privileged under federal law or state law.

Defendants assert entitlement to all immunities applicable under federal or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified. Defendants further specifically assert their entitlement to qualified immunity.

Defendants assert that punitive damages are not authorized and/or are barred against public entities, or against public officials who serve in official capacities. *City of Newport v. Fact Concerts, Inc.,* 101 S.Ct. 2478 (1981). Defendants further assert that none of their acts, omissions, or other conduct rise to the level authorizing an award of punitive damages, even if allowed. Plaintiff's Complaint further fails to state a valid claim for punitive damages. Moreover, Plaintiff's claim for punitive damages is barred or limited under Arizona state law and/or federal law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

Defendants plead intervening and/or superseding causes, including but not limited to Plaintiff's own conduct.

Defendants assert failure to exhaust administrative remedies.

Defendants reserve the right to assert any and all other affirmative defenses as set forth in Rule 8, F.R.C.P. and as may be supported by matters discovered hereafter.

WHEREFORE, having answered Plaintiff's Complaint, Defendants respectfully request the Court dismiss Plaintiff's Complaint in its entirety and award Defendants their costs incurred and any other relief just and proper under the circumstances.

Dated this 30th day of January 2025.

                              BROENING OBERG WOODS & WILSON, P.C.


                              By */s/ Jessica J. Kokal*
                                 Jessica J. Kokal
                                 *Attorney for Defendant City of Phoenix*

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Mills & Woods Law
5055 N 12th St., Ste 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*


By: */s/ Raquel L. Auriemma*