# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephan Shere, | No.  CV-23-02657-PHX-JJT (ESW) |
| Plaintiff(s), | |
| v. | **ORDER SETTING TELEPHONIC RULE 16 CASE MANAGEMENT CONFERENCE** |
| City of Phoenix, et al,, | |
| Defendant(s). | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court enters the following Order.

**IT IS ORDERED**:

## I.    CASE MANAGEMENT CONFERENCE

A Telephonic Rule 16 Case Management Conference is set for **March 13, 2025 at 10:30 a.m.**, before the Honorable Judge Eileen S. Willett, United States Magistrate Judge. Counsel for Plaintiff is directed to make arrangements for a call-in conference call.  The conference phone number and ID code or password should be provided to the Court no later than three days prior to the Telephonic Status Conference via email message to willett_chambers@azd.uscourts.gov.

Counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall telephonically appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed.   A continuance of the Rule 16 Case Management

Conference will be granted only for good cause.

## II.     RULE 26(F) MEETING

The parties are directed to telephonically meet and confer at least **fourteen (14) days** before the Case Management Conference as required by Rule 26(f) of the Federal Rules of Civil Procedure. It is the responsibility of Defendant(s) to initiate the Rule 26(f) Meeting, and Plaintiff(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting.

## III.     PARTIES' JOINT SUBMISSIONS

At the Rule 26(f) Meeting, the parties shall ***jointly*** develop and file with the Clerk of Court not less than **ten (10) days** before the Case Management Conference, each of the following, as outlined below: (1) a Joint Rule 26(f) Case Management Report, and (2) a Joint Proposed Rule 16 Case Management Order.

<u>**Joint Rule 26(f) Case Management Report**</u>

The parties' Joint Rule 26(f) Case Management Report shall contain the following information in separately numbered paragraphs:

1.     **Attendance**: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions;

2.     **Service**: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

3.     **Nature of Case**: The nature of the case, including a brief description (3 pages or less) of the principal factual disputes and legal basis of Plaintiff(s) claims and Defendant(s) defenses;

4.     **Jurisdiction**: The jurisdictional basis for the case, citing specific statutes. If jurisdiction is based on diversity of citizenship, the report *shall* include a statement of the citizenship of every party and a description of the amount in dispute;[1]

---

[1]     The parties are reminded that (1) a corporation is a citizen of the state where it is

5.    **Additions and Amendments**: Whether any party expects to add additional parties to the case or otherwise amend the pleadings;

6.    **Related Cases**: The status of related cases pending before other courts or other judges of this District;

7.    **Initial Disclosures**: Whether the parties have exchanged initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure;[2]

8.    **Discovery Limitations**: Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure;

9.    **Electronic Information**: Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced;

10.    **Request for Jury Trial**: Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the parties shall set forth the reasons why a trial by jury is in dispute;

11.    **Trial**: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

12.    **Expedited Trial Alternative**: Certification that counsel for each party has discussed with his or her client, or each *pro se* litigant has considered, the expedited trial alternative addressed below;

13.    **Settlement**: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a

---

incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The parties are further reminded that the use of fictitious parties (e.g., "John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

[2]    Full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required by Plaintiff(s) and Defendant(s), if applicable. A Corporate Disclosure Statement form is available on the District Court's website at http://www.azd.uscourts.gov/forms.

settlement conference, or whether the case is suitable for an alternative method of dispute resolution; and

14. **Modified Procedures**: Suggested modification of pretrial procedures due to the simplicity or complexity of the case, for example:

   i. **Class Action**: If either party is presenting their case as a class action, the parties shall propose a deadline for motions for class certification;

   ii. **Patent Action**: If either party believes a *Markman* hearing[3] will be necessary, the parties shall propose dates for holding the *Markman* hearing;

   iii. **ERISA[4] Action**: If the parties jointly agree to resolve this action through cross briefing, *in lieu of filing the attached Joint Proposed Rule 16 Case Management Order*, the parties shall propose a deadline for each of the following:

      (a) Initial disclosures;

      (b) Completion of disclosure of materials (previously undisclosed) that either party contends should be considered as part of the record on review;

      (c) Filing of the Administrative Record;

      (d) Filing of Plaintiff's Opening Brief;

      (e) Filing of Defendant's Response Brief;

      (f) Filing of Plaintiff's Reply Brief; and

      (g) Completion of Good Faith Settlement Talks;

15. **Additional Matters**: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.

**<u>Joint Proposed Rule 16 Case Management Order</u>**

---

[3]    *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).

[4]    Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.

The parties shall also complete and file the attached Joint Proposed Rule 16 Case Management Order, providing the specific dates jointly proposed by the parties for the following deadlines (where indicated): initial disclosures; completion of discovery; completion of disclosures of expert testimony; completion of expert depositions; filing of dispositive motions; and completion of good faith settlement talks. If the parties are unable to agree regarding specific deadlines, both proposed dates shall be included in the proposed order.[5]

The Court emphasizes that it has a strict policy not to extend the dispositive motion deadline beyond the *two-year anniversary* of the date of commencement of an action, and proposed deadlines should be devised cautiously.

## IV.    EXPEDITED TRIAL ALTERNATIVE

The parties may elect to take this case directly to trial, whether jury or bench trial, without discovery and without motion practice. The intent of this expedited trial alternative is to afford parties a ready trial forum in which cases can be resolved without the time and expense normally required for discovery and motion practice.

An expedited trial will be held in this case if *all* parties agree to such a trial. If the parties elect to proceed to an expedited trial, no formal discovery or motion practice will occur and, at the Rule 16 Case Management Conference scheduled above, the Court will set a Final Pretrial Conference. It may be anticipated that an expedited trial will likely occur within four or five months following the Rule 16 Case Management Conference.

Counsel for each party must discuss this expedited trial alternative with his or her client. As part of this discussion, counsel must provide his or her client with two good faith estimates of the costs (including attorneys' fees) of litigating this case to completion: (1) an estimate of the cost if an expedited trial is elected, and (2) an estimate of the cost if an expedited trial is not elected and typical discovery and motion practice occur. The intent

---

[5]    *Example* - **Dispositive Motion Deadline**: Plaintiff proposes that dispositive motions shall be filed no later than 1/1/18; Defendant proposes that dispositive motions shall be filed no later than 1/31/18.

of this requirement is to ensure that clients clearly understand the potential cost savings of an expedited trial. If the parties identify other expedited procedures that might reduce the cost of litigating this case to completion, such as limited discovery leading to an expedited trial with no motion practice, the parties may propose such procedures in the Joint Rule 26(f) Case Management Report.

Dated this 31st day of January, 2025.

Honorable Eileen S. Willett
United States Magistrate Judge

1
2
3
4
5
6     **IN THE UNITED STATES DISTRICT COURT**
7      **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| 9 | No. CV-        -PHX-ESW |
| 10     Petitioner, | **JOINT PROPOSED RULE 16 CASE MANAGEMENT ORDER** |
| 11 v. | |
| 12 | |
| 13    Respondents. | |

14

15    On ==Select Date==, a Telephonic Rule 16 Case Management Conference was held in

16 open Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Prior to the

17 conference, the parties met and prepared a Joint Rule 26(f) Case Management Report (Doc.

18 ==Insert Document #== ) and a Joint Proposed Rule 16 Case Management Order (Doc. ==Insert==

19 ==Document #== ).   On the basis of the Case Management Conference and the parties'

20 submissions, the Court enters the following Order.

21    **IT IS ORDERED**:

22 **I.**  **RULES**

23    All parties must abide by the Federal Rules of Civil Procedure and the Local Rules

24 of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court

25 for the District of Arizona.[6]  To the extent that the Federal Rules of Civil Procedure differ

26 from the Local Rules, the Federal Rules of Civil Procedure shall govern.

27

28
---
[6]  The Local Rules are available at: http://www.azd.uscourts.gov/local-rules, and the Federal Rules are available at: http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf

**II.    JOINING PARTIES AND AMENDING PLEADINGS**

The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **sixty** (**60) days** from the date of this Order.

**III.    DISCOVERY**

**Initial Disclosures**:  Initial Disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, if not already exchanged, shall be exchanged no later than ==Select Date==. The parties shall file with the Clerk of Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

**Discovery Deadline**:  All discovery must be completed on or before ==Select Date==. [7]

**Written Discovery Limitations**: Each side may propound up to 25 interrogatories, including subparts.  The parties are also limited to 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.  All interrogatories, requests for production of documents, and requests for admissions shall be served at least **forty-five (45) days** before the discovery deadline.[8]  Responses to discovery requests must be stated with specificity, and the parties are cautioned that the Federal Rules of Civil Procedure do not permit general or boilerplate objections.

**Deposition Limitations**: All depositions shall be scheduled to commence at least **five (5) working days** prior to the discovery deadline.  A deposition commenced five (5) days prior to the deadline may continue up until the deadline, as necessary.

**Expert Disclosures**:  Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than ==Select Date==.  Defendant(s) shall provide full and complete expert disclosures as required

---

[7]    This Order governs and supersedes the "30 days before trial" disclosure deadline. *See* Fed. R. Civ. P. 26(a)(3). The discovery deadline concludes the time to propound discovery, the time to answer all propounded discovery, the time to supplement disclosures and discovery, the time for discovery by subpoena, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes.

[8]    The parties may mutually agree in writing, without Court approval, to increase the discovery limitations or extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon increases or extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **Select Date**. Rebuttal expert disclosures, if any, shall be made no later than **Select Date**. Rebuttal experts shall be limited to responding to opinions stated by initial experts. Absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.[9]

**Expert Depositions**: Expert depositions shall be completed no later than **Select Date**. As with fact witness depositions, expert depositions shall be scheduled to commence at least **five (5) working days** before the deadline.

**Discovery Disputes**: Motions on discovery matters are *strongly discouraged*. Parties shall not present any discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j). If the parties cannot reach a resolution, they may jointly request Court assistance by filing a ***Joint Motion for Discovery Dispute Resolution***. The motion shall set forth a joint statement of the discovery dispute and shall not exceed **three (3) pages** in length. The parties shall also attach to their motion written certification of compliance with LRCiv 7.2(j). Absent extraordinary circumstances, the Court will *not* entertain fact discovery disputes after the deadline for completion of fact discovery, and will *not* entertain expert discovery disputes after the deadline for completion of expert discovery.

## IV.    <u>MOTIONS</u>

**Dispositive Motion Deadline**: Dispositive motions shall be filed no later than **Select Date**.

**Dispositive Motion Limitations**: Absent leave of Court, no party shall file more than one motion for summary judgment. To obtain leave of Court, a party shall file a motion setting forth the reasons justifying the filing of more than one summary judgment motion.

---

[9]    An expert witness who has not been timely disclosed will not be permitted to testify at trial unless the party offering such witness demonstrates that: (a) the necessity of such expert witness could not have been reasonably anticipated at the time of the deadline for disclosing such expert witness; (b) the Court and opposing counsel or unrepresented party were promptly notified upon discovery of such expert witness; and (c) such expert witness was promptly proffered for deposition. *See Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

**Oral Argument**:  The parties shall not notice oral argument on any motion.  Instead, a party seeking oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion.  *See* LRCiv 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

**Copies:**  A paper copy of any document exceeding ten (10) pages in length shall be submitted to chambers promptly following its electronic filing.  Paper copies of documents which are too large for stapling must be submitted in a three-ring binder.

**Noncompliance**:  All parties are specifically admonished that "[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2 (emphasis added).

**No Combined Motions, Responses, or Replies**:  Neither party shall file a document that contains more than one motion.  Neither party shall file a response or reply that pertains to more than one motion.  <u>A document that fails to comply with this requirement may be stricken by the Court.</u>

**Address Changes**:  Each self-represented party must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Self-represented parties must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action or the striking of a pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**V.    <u>SETTLEMENT DISCUSSIONS</u>**

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than <mark>**Select Date**</mark>.  Upon completion of such settlement talks, and in no event later than **five (5) working days** after the deadline for settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall

report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

**VI.    FINAL PRETRIAL CONFERENCE**

    If no dispositive motions are pending before the Court after the dispositive motion deadline has passed, Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the dispositive motion deadline.  If a dispositive motion is pending before the Court following the dispositive motion deadline, Plaintiff(s) shall file and serve a Notice of Readiness for Final Pretrial Conference within **seven (7) days** of the resolution of the dispositive motion.  Following the filing of the Notice, the Court will issue an Order Setting Final Pretrial Conference that:  (1) sets deadlines for briefing motions in limine; (2) includes a form for the completion of the parties' joint proposed Final Pretrial Order; and (3) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference.  A firm trial date will be set at the Final Pretrial Conference.

## ADVISAL

    **The parties are advised that the Court intends to enforce the deadlines and guidelines set forth in this Order, and they should plan their litigation activities accordingly**.  The Court emphasizes that it has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the date of commencement of an action.  Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so.  As a general matter, the pendency of settlement discussions or the desire to schedule mediation does not constitute good cause.