Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Stephan Shere, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Daniel Joseph Snyder, an individual; Alex Beaver, an individual; Christopher A Gitsch, an individual; Eric Elliot Summerville, an individual; Brittany Bartimoccia, an individual; Jacob A Lewis, an individual; Charles C Allen, an individual; Jennifer Lorrain Beberniss, an individual; Amanda Newsum, an individual; and, John and Jane Does I-X,<br><br>Defendants. | No.: CV-23-02657-PHX-JJT (ESW)<br><br>**JOINT RULE 26(F) CASE MANAGEMENT REPORT**<br><br>(Assigned to the Honorable John J. Tuchi and Referred to the Honorable Eileen S. Willett for all pretrial proceedings) |

Through counsel undersigned and pursuant to the Court's "Order Setting Telephonic Rule 16 Case Management Conference" (the "Order"), ECF No. 42, Plaintiff and Defendants hereby submit this Joint Rule 26(f) Case Management Report, along with its accompanying Joint Proposed Rule 16 Case Management Order.

**1.** **Attendance:** Through undersigned counsel, Plaintiff Stephan Shere ("Plaintiff") and Defendants City of Phoenix, Michael Sullivan, Christopher A. Gitsch, and

Eric Elliot Summerville (collectively, "Defendants") attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions.

   **2.**   **Service:** Defendants have all been served and have all appeared.

   **3.**   **Nature of Case:**

Plaintiff's Statement:

Plaintiff experienced a mental health crisis on October 4, 2022. Thinking he was suicidal, his sister called 911 to report a welfare check. City of Phoenix police were dispatched to his residence. There, Plaintiff met them at his door and told them he was not thinking of hurting himself and did not want to speak to them. Angered, the officers became antagonistic, drew their weapons, called for backup, continually knocked on his door, and generally caused a commotion. Plaintiff eventually exited his residence to attempt to speak with the officers, and a confrontation ensued. Ultimately, with no provocation or justification, Stephan was beaten and tased by officers – sustaining physical and mental injuries that could be life-long.

Plaintiff's remaining claims in this action are: a Fourth and Fourteenth Amendment excessive force claim against Defendants Gitsch and Summerville, pursuant to 42 U.S.C. § 1983; a *Monell* claim against Defendants City of Phoenix and Sullivan based on failure to train in de-escalation techniques and the use of non-lethal force, pursuant to 42 U.S.C. § 1983; a state law claim for gross negligence against Defendants City of Phoenix and Sullivan, and; a state law claim for negligent hiring, supervision, retention and/or training against Defendants City of Phoenix and Sullivan.

///

Defendants' Statement:

On October 4, 2022, Phoenix police were called to Plaintiff's residence by his sister, who requested a wellness check after her brother sent her a photo showing him with a gun in his mouth. Upon arrival, Plaintiff refused to speak to officers, refused to exit his apartment, and was visibly armed with a knife around his neck and wearing full tactical gear. Subsequently, additional officers were called to the scene to attempt to engage Plaintiff to leave his apartment and speak with officers, who repeatedly indicated they were simply trying to help him. Plaintiff responded by yelling profanities and insults at the officers, telling them he had been trained at Blackhawk, and that he could fight them, and sending his pit bull dog out to officers. He continually refused to comply with police commands or cooperate. Ultimately, officers were able to get close enough to Plaintiff, who was still armed with two knives, to tase him and then disarm him and handcuff him for transport. Plaintiff continued to insist he could fight officers even after being tased. Plaintiff was then rendered medical assistance at the scene before being transported.

Defendants deny all of the remaining claims against them and further deny causation and damages.

**4.** **Jurisdiction:** Jurisdiction is based on the Notice of Removal, ECF No. 1. It exists pursuant to 28 U.S.C. § 1331, § 1441(c), § 1446(a) and (b)(3).

**5.** **Additions and Amendments:** None of the parties currently expects to add additional parties to the action or otherwise amend the pleadings, though Plaintiff reserves the right to do.

3

6. **Related Cases:** None of the parties are aware of any related cases pending before other courts or other judges of this District.

7. **Initial Disclosures:** None of the parties have yet served an initial disclosure under Rule 26(a) of the Federal Rules of Civil Procedure.

8. **Discovery Limitations:** The parties do not propose any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

9. **Electronic Information:** The parties generally intend to produce and disclose documents and other items electronically, if at all possible.

10. **Request for Jury Trial:** Plaintiff has requested a jury trial on all issues so triable, and Defendants do not contest such request and similarly request a jury trial.

11. **Trial:** The parties estimate that this case will be ready for trial by **September 1, 2026** and that it will last approximately **9** days. The parties do not presently have any suggestions for shortening the trial.

12. **Expedited Trial Alternative:** Counsel for Plaintiff and Counsel for Defendants certify that they have discussed with their respective clients the expedited trial alternative discussed in Section **IV** of the Order.

13. **Settlement:** The parties believe that this case is suitable for a potential resolution via private mediation.

14. **Modified Procedures:** The parties do not propose modification of any pretrial procedures.

15. **Additional Matters:** None at this time.

**RESPECTFULLY SUBMITTED** this 3rd day of March 2025.

**MILLS + WOODS LAW, PLLC**

By   */s/ Sean A. Woods*
   Robert T. Mills
   Sean A. Woods
   5055 N 12th Street, Suite 101
   Phoenix, AZ 85014
   *Attorneys for Plaintiff*

**BROENING, OBERG, WOODS & WILSON, PC**

By   */s/ Jessica J. Kokal (w/ permission)*
   Jessica J. Kokal
   2800 N Central Ave., Ste. 1600
   Phoenix, AZ 85004
   *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jessica J. Kokal
jjk@bowwlaw.com
**BROENING, OBERG, WOODS & WILSON, PC**
rla@bowwlaw.com
2800 N Central Ave., Ste. 1600
Phoenix, AZ 85004
*Attorneys for Defendants*

5

1. Karen Stillwell
2. karen.stillwell@phoenix.gov
   **OFFICE OF THE CITY ATTORNEY**
3. law.civil.minute.entries@phoenix.gov
   duvelsa.rios@phoenix.gov
4. 200 W Washington, Ste. 1300
5. Phoenix, Arizona 85003
   *Attorneys for Defendants City of Phoenix, Chief Michael Sullivan, Sgt. Charles Allen, Sgt.*
6. *Daniel Snyder, Sgt. Eric Summerville, and Sgt. Brittany Bartimoccia*

8.      /s/ Ben Dangerfield

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

6