Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Stephan Shere, an individual,

Plaintiff,

vs.

City of Phoenix, a governmental entity; Michael Sullivan, Chief of the Phoenix Police Department; Daniel Joseph Snyder, an individual; Alex Beaver, an individual; Christopher A Gitsch, an individual; Eric Elliot Summerville, an individual; Brittany Bartimoccia, an individual; Jacob A Lewis, an individual; Charles C Allen, an individual; Jennifer Lorrain Beberniss, an individual; Amanda Newsum, an individual; and, John and Jane Does I-X,

Defendants.

No.: CV-23-2657-PHX-JJT (MBM)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 102) AFTER THE DEADLINE**

(First Request)

(Assigned to the Honorable John J. Tuchi and Referred to the Honorable M Bridget Minder)

Plaintiff Stephan Shere asks for leave under Fed. R. Civ. P. 6(b)(1)(B) and LRCiv 7.3 to file his response (the “Response”) to Defendants' Motion for Summary Judgment (Doc. 102) (the “MSJ”), by December 1, 2026. Defendants would then reply on the deadline directed by the Local Rules, or on a later date of their own choosing anytime prior to February 2027 approved by the Court, which Plaintiff agrees not to oppose. Plaintiff has not asked for or received any earlier extension of this deadline. Plaintiff has been unable after reasonable inquiry to determine Defendants’ position on the relief requested. A proposed order is lodged separately.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

The MSJ and accompanying 258-paragraph Statement of Facts, with 31 exhibits, were filed on October 6, 2026, the same day the Court gave Plaintiff 25 extra pages for his Response. (Docs. 101-103.) Under LRCiv 56.1(d) the Response was due thirty days after service, on November 5.

Ben Dangerfield, an associate in-house counsel employed by Plaintiff's counsel's firm ("In-House Counsel") is responsible for the calendaring of all deadlines, and the filing of all documents, in matters for which Sean A. Woods and Robert T. Mills (the "Managing Attorneys") are the attorneys of record, such as this action. Declaration of Benjamin E. Dangerfield attached as "**Exhibit 1**," ¶ 2.

Upon calendaring each deadline, In-House Counsel's regular and consistent practice is to set up email reminder notifications to him and the Managing Attorneys, scheduled to be sent out at various times prior to that deadline. **Ex. 1** ¶ 3. In particular, and most importantly, he sets a notification for the day of each deadline, to ensure that every morning, upon opening his inbox, he has a full view of each and every deadline occurring that day. ***Id.*** Additionally, upon arriving to work, opening his inbox, and viewing the days' deadline notifications, his regular and consistent practice is to then "star" – i.e., mark as a "favorite" – each email notice involving a document needing to be filed that day. **Ex. 1** ¶ 4. Accordingly, as he satisfies each of that day's document deadlines, he then deletes its corresponding notification email. ***Id.*** The above practices and procedures are designed to, and with very few exceptions do, ensure that no deadline goes unaddressed. **Ex. 1** ¶ 5.

Pursuant to those practices, In-House Counsel calendared the deadline for Plaintiff's Response, and set an appropriate day-of reminder, for November 5, 2026, thirty days from the official filing date of the MSJ. **Ex. 1** ¶ 6. On November 2, 2026, he emailed Defendants' Counsel Lori Berke to ask whether, "[g]iven the length and breadth of Defendants' [MSJ] and accompanying Statement of Facts," Defendants would oppose moving the deadline for [the] Response from November 5 to November 19, 2026. **Ex. 1** ¶

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

7. Ms. Berke answered that afternoon, asking that the request go in as a stipulation, and that Defendants' Reply deadline also move out to December 11, 2026 in exchange. **Ex. 1** ¶ 8.

On the morning of November 5, 2026, In-House Counsel received in his inbox and accordingly "starred" the email deadline notification for the Response. **Ex. 1** ¶ 9. Also that morning, he emailed Ms. Berke a draft Stipulation and [Proposed] Order that reflected her November 2 email. **Ex. 1** ¶ 10. Unfortunately, neither In-House Counsel nor Plaintiff's counsel received a response from Ms. Berke on November 5, so the Stipulation and [Proposed] Order were never filed, because Plaintiff never received Ms. Berke's permission to do so. **Ex. 1** ¶ 11.

Despite receiving and "starring" an email notification for the Response deadline on November 5, and contrary to his routine procedure and practice – due to uncertainty about what, if anything, to file with no response from Ms. Berke, as well as the need for necessary work in other matters that day, In-House Counsel inadvertently neglected to nevertheless ensure that *something* was filed that day to address the Response deadline. **Ex. 1** ¶ 12.

Around noon on November 6, still having no word from Ms. Berke on whether the Stipulation could be filed, In-House Counsel wrote to her again and said that, absent a response by 4:00 p.m., Plaintiff would file it as an unopposed motion, with the November 19 and December 11 dates she had agreed to. **Ex. 1** ¶ 13. Nevertheless, no response from her was forthcoming, that day or as of the filing of this motion. ***Id.***

Moreover, because there was no deadline reminder email in his inbox on the morning of November 6 for the Response (because the calendared due date had already passed), In-House Counsel was not kept apprised of the need to file the unopposed motion. **Ex. 1** ¶ 14. Further, on November 6 there was a substantial amount of necessary work in other matters, including a deadline for motions in limine for a matter heading to trial. ***Id.*** Finally, Managing Attorney Sean A. Woods' wife underwent major surgery on November 6, and he was out of the office attending to her. ***Id.*** For all the above reasons, In-House Counsel inadvertently neglected to circle back after 4:00 p.m. on November 6 and file an

unopposed motion to extend the Response deadline, as he had indicated he would in his prior email. **Ex. 1** ¶ 15.

To accomplish his responsibility to calendar all litigation deadlines in matters in which the Managing Attorneys are attorneys of record, it is In-House Counsel's procedure and practice to revise any calendared deadline accordingly as soon as a motion or stipulation to extend that deadline is filed. **Ex. 1** ¶ 16. However, because no stipulation or motion to extend the Response deadline was filed on November 5 or 6, he thus never revised the calendar to reflect the parties' agreed-upon new deadline of November 19, 2026. ***Id.*** Thus, November 19 also passed without a reminder email, and without the filing of a Response. ***Id.***

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Because of all the above, and due to his and Plaintiff's counsel's attention being diverted to other matters, including counsel's wife's surgery and recovery, no one came to the realization that a Response had never been and needed to be filed in this matter until November 24, 2026. **Ex. 1** ¶ 17. Upon realization, Plaintiff's counsel emailed Ms. Berke, requesting agreement to a December 1 deadline for the Response and a Reply deadline of her choosing, but has not heard back as of the filing of this Motion.

## II. ARGUMENT

Rule 6(b)(1)(B) lets a court extend a deadline that has already run, for good cause, "if the party failed to act because of excusable neglect." The Supreme Court calls that determination "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," and lists four considerations: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (recognizing that the *Pioneer* analysis governs Rule 6(b)). In a case where "a paralegal charged with calendaring filing deadlines misread the rule," the en banc Ninth Circuit refused to adopt any per se rule against relief

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

and left the weighing of these factors to the district court. *Pincay v. Andrews*, 389 F.3d 853, 855, 860 (9th Cir. 2004) (en banc). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (internal quotation marks and citation omitted). *Ahanchian* itself reversed a summary judgment entered after the district court refused a late opposition, holding that refusal an abuse of discretion under *Pioneer*. *Id.* at 1255, 1261-62.

Defendants suffer no prejudice, because before the deadline ran they had already agreed to a November 19 response date in exchange for a December 11 reply date. Plaintiff now proposes to file twelve days after the date they accepted, and Defendants may take whatever reply time they want prior to February 2027. The delay itself runs about three and a half weeks from November 5 and will not disturb any hearing or trial setting.

The reason for the delay was an innocent and inadvertent filing error by an associate in-house counsel, as set forth in detail in Section **I**. Such a filing mistake is the same kind of error the en banc court held could be excusable in *Pincay*. 389 F.3d at 855, 860. Plaintiff does not pretend the error was beyond counsel's control, but *Pioneer* treats control as merely one factor in an equitable judgment, and *Pincay* rejected any per se rule that a missed deadline caused by such a mistake forecloses relief. *Id.* at 860.

Plaintiff has acted in good faith throughout, asking for Defendants' agreement before the deadline, telling Defendants' counsel about the problem the day it was ascertained, and gaining nothing from the delay.

Denying leave would not decide the Motion either, because in *Heinemann v. Satterberg*, 731 F.3d 914 (9th Cir. 2013), the Ninth Circuit agreed that "a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary." *Id.* at 916; LRCiv 7.2(i). Whether or not Plaintiff's papers are accepted, the Court still has to decide whether Defendants carried their burden on each claim, and Plaintiff's response, which points to the disputed facts and the record behind them, will help the Court decide that on the merits.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## III. CONCLUSION

Plaintiff respectfully asks the Court to grant him leave to file his Response, controverting statement of facts, and supporting exhibits in opposition to Defendants' MSJ (Doc. 102) on or before December 1, 2026, and to set Defendants' reply deadline to a date of their own choosing prior to February 2027.

**RESPECTFULLY SUBMITTED** this 25th day of November 2026.

**MILLS + WOODS LAW, PLLC**

By *__/s/ Sean A. Woods__*

Robert T. Mills
Sean A. Woods
5055 N 12th Street, Suite 101
Phoenix, AZ 85014
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Lori V. Berke
lori@berkelawfirm.com
laine@berkelawfirm.com
shirley@berkelawfirm.com
Anelisa Benavides
anelisa@berkelawfirm.com
**BERKE LAW FIRM, PLLC**
1601 N 7th St., Ste. 360
Phoenix, AZ 85006
(602) 254-8800
*Attorneys for Defendants*

*/s/ Ben Dangerfield*